BROWN GAVALAS & FROMM LLP
*Attorneys for Plaintiff*
AMERICAN STEAMSHIP OWNERS
MUTUAL PROTECTION AND
INDEMNITY ASSOCIATION, INC.
60 East 42nd Street
Suite 4600
New York, NY 10165
(212) 983-8500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

AMERICAN STEAMSHIP OWNERS
MUTUAL PROTECTION AND                              21 Civ. 10641
INDEMNITY ASSOCIATION, INC.,

               *Plaintiff*,                              **COMPLAINT**

    - against -

CARNIVAL PLC,

               *Defendant*.
-------------------------------------------------------------X

      Plaintiff, AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND

INDEMNITY ASSOCIATION, INC. ("The American Club"), by and through its attorneys,

Brown Gavalas & Fromm LLP, as and for its Complaint against Defendant, CARNIVAL PLC,

("Carnival"), hereby alleges, upon information and belief, as follows:

## NATURE OF THE ACTION

      1.     This is an admiralty and maritime claim seeking recovery of unpaid marine

insurance premiums from Carnival in connection with insurance provided for ocean going vessels

entered with The American Club pursuant to the applicable marine contracts of insurance.

## JURISDICTION AND VENUE

      2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333(1)

as this is an admiralty or maritime dispute concerning marine insurance, and involves an

admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil

Procedure as this matter relates to breach of marine contracts of insurance.

3.     This Court has personal jurisdiction over Carnival pursuant to the

forum selection jurisdiction and choice of law clauses contained in the subject marine contracts

of insurance.  In addition, Carnival regularly conducts, transacts and does business in the State of

New York.  Moreover, the causes of action asserted herein arise out of Carnival's breaches of the

said marine contracts of insurance.

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as the American

Club's principal place of business is within this District and a substantial part of the events

giving rise to the claim occurred within this District including, but not limited to, the issuance of

the subject marine contracts of insurance.  Further, this Court has jurisdiction by agreement of

the parties pursuant to the terms and conditions of the subject marine contracts of insurance.

## THE PARTIES

5.     Plaintiff, The American Club, is a non-profit mutual insurance association, duly

organized and existing under the laws of the State of New York, with an office and principal

place of business in New York, New York.

6.     Defendant, Carnival, upon information and belief, is a foreign corporation

organized under the laws of England and Wales, with a principal place of business in

Southampton, United Kingdom that owns and/or operates cruise line vessels.

## FACTS COMMON TO ALL COUNTS

7.     The American Club is a non-profit mutual insurance association,

2

operated by its members for their exclusive benefit.  The American Club provides Protection and

Indemnity ("P&I") insurance coverage, which provides indemnification to shipowners and

charterers against certain payments made resulting from third-party liabilities in commercial

operations.  The American Club also provides Freight, Demurrage and Defense ("FD&D")

insurance coverage, which provides discretionary coverage for legal costs and expenses not

covered by P&I and hull insurance coverage.  P&I and FD&D insurance is based on the not-for-

profit principle of mutuality where members of The American Club essentially insure one

another.

8.      The rights and obligations of every member and co-assured of The American

Club are governed by the terms and conditions of the Certificates of Entry and the American

Club's By-Laws and Rules.

9.      Global Maritime Group and Carnival entered several vessels as a fleet entry with

The American Club for several policy years (the "Fleet Entry").

10.      The vessels in the Fleet Entry with the American Club included the M/V ASTOR,

M/V ASTORIA, M/V MAGELLAN, M/V MARCO POLO, M/V COLUMBUS and M/V

VASCO DA GAMA.

11.      At all material times hereunder, Carnival was identified and listed as a Co-assured

on Certificates of Entry issued by The American Club for vessels entered with The American

Club as part of the Fleet Entry.  Copies of the relevant Certificates of Entry identifying and

listing Carnival as a Co-assured are submitted herewith as Exhibit "A" and made a part hereof.

12.      The Certificates of Entry identifying and listing Carnival as a Co-assured were

issued in New York.

13.     As a Co-assured, Carnival is jointly and severally liable for all insurance premiums due on the Fleet Entry per the terms and conditions of the subject marine insurance contracts.

14.     Carnival received the benefits of entering its vessels as part of the Fleet Entry.

15.     The American Club's By-Laws and Rules for the 2016/2017 policy year are available online at https://www.american-club.com/files/files/American_Club_By_Laws_Rules_2016-17.pdf.

16.     The American Club's By-Laws and Rules for the 2017/2018 policy year are available online at https://www.american-club.com/files/files/American_Club_By_Laws_Rules_2017-18.pdf.

17.     The American Club's By-Laws and Rules for the 2018/2019 policy year are available online at https://www.american-club.com/files/files/American_Club_By_Laws_Rules_2018-19.pdf.

18.     The American Club's By-Laws and Rules for the 2019/2020 policy year are available online at https://www.american-club.com/files/files/American_Club_By_Laws_Rules_2019-20.pdf.

19.     The American Club's By-Laws and Rules for the 2020/2021 policy year are available online at https://www.american-club.com/files/files/American_Club_By_Laws_Rules_2020-21.pdf.

20.     Class I, Rule 1, Section 3.14 of The American Club's Rules provides:

> Joint Members, Co-assureds (except those granted only misdirected arrow coverage under Rule 1.3.10), and Affiliates insured on any one insurance or in respect of any fleet as defined in Rule 1.2 above, shall be jointly and severally liable for all sums due to the Association in respect of such insurance or such fleet, always provided that nothing stated herein shall be construed as a waiver of any of the Association's rights under the contract of insurance.

21.     The Certificates of Entry identifying and listing Carnival as a Co-assured contain the following language:

> The Member and any CoAssureds named in this Certificate of Entry are liable to pay Mutual Premium as provided for in Rule 4.

22.     The American Club issued insurance premium invoices for the Fleet Entry for P&I coverage and FD&D coverage.

23.     Of the insurance premium invoices issued by The American Club for the Fleet Entry for P&I and FD&D coverage, the sum of at least $1,978,198.05 remains outstanding.

24.     Despite demands for payment, the outstanding premiums due and owing on the Fleet Entry have not been paid.

25.     Pursuant to the subject marine insurance contracts, Carnival is jointly and severally liable for all outstanding P&I and FD&D premiums in the sum of at least $1,978,198.05.

26.     The American Club has demanded payment from Carnival regarding the outstanding insurance premiums in the sum of $1,978,198.05.

27.     To date, Carnival has failed to remit any payment.

5

28.     The American Club has met all of its obligations under the subject marine insurance contracts.

29.     Pursuant to The American Club's Class I, Rule 4, Section 11, Carnival is contractually obligated to pay "interest at the rate of 1% per month ... payable on any premium  or other sums due to [The American Club] as from the due date of payment of such premium or other sums."

## FIRST CAUSE OF ACTON
### (Breach of Contract)

30.     The American Club realleges and incorporates by reference the allegations set forth in paragraphs 1 through 29 of this Complaint as if fully set forth  herein.

31.      Pursuant to the subject maritime insurance contracts, as reflected in the Certificates of Entry and The American Club's applicable By-Laws and Rules, Carnival agreed to pay all premiums due on the Fleet Entry for P&I and FD&D coverage.

32.     By failing to remit the sum of $1,978,198.05, Carnival has failed to meet its obligations under the subject marine insurance contracts.

33.     As a result of Carnival's breach of the subject marine insurance contracts, The American Club has sustained damages in the amount of $1,978,198.05, together with interest at the contractually agreed rate, the total for which Carnival is jointly and severally liable.

## SECOND CAUSE OF ACTION
### (Account Stated)

34.     The American Club realleges and incorporates by reference the allegations

set forth in paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35.    The American Club presented an account to Carnival in the form of invoices and supporting documentation for all the services rendered by The American Club concerning marine insurance premiums, which account totaled the sum of $1,978,198.05.

36.    The aforesaid account totaling $1,978,198.05 was delivered to, accepted and retained as correct (without objection or protest) but no part of which has been paid to date.

37.    By virtue of the foregoing, The American Club has sustained damages in the sum of $1,978,198.05, plus interest, for which Carnival is jointly and severally liable.

## THIRD CAUSE OF ACTION
(Attorneys' Fees)

38.    The American Club realleges and incorporates by reference the allegations set forth in paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39.    Pursuant to The American Club's Class I, Rule 1, Section 4.49(c), The American Club has a contractual right to "reasonable legal fees, collection expenses and other costs of recovering all amounts due from a Member or former Member plus  interest."

40.    The American Club's Rules at Class I, Rule 1, Section 2 states that "the term Member shall, in these Rules, include a Joint Member, Co-assured and Affiliate."

41.    By virtue of the foregoing, Carnival is jointly and severally liable to The American Club for all legal fees and costs it will incur in prosecuting this  action.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, AMERICAN STEAMSHIP OWNERS MUTUAL

PROTECTION AND INDEMNITY ASSOCIATION, INC., prays for:

(a) Judgment in favor of The American Club and against Carnival,
jointly and severally, in the sum $1,978,198.05, plus interest at the
rate contractually agreed to by the parties;

(b) An Award of reasonable attorneys' fees and costs, as per the
terms and conditions of the subject marine insurance contracts;
and

(c) Such other, further, and different relief as the Court deems just and proper.

Dated:   New York, New York
December 13, 2021

BROWN GAVALAS & FROMM LLP
*Attorneys for Plaintiff*
AMERICAN STEAMSHIP OWNERS
MUTUAL PROTECTION AND
INDEMNITY ASSOCIATION, INC.

By:   /s/ Robert J. Brown
Robert J. Brown (RB-9131)
Email: rjb@browngavalas.com
Michael P. Naughton (MN-6870)
Email: mpn@browngavalas.com
60 East 42nd Street
Suite 4600
New York, NY 10165
(212) 983-8500