**BROWN GAVALAS & FROMM LLP**
60 E. 42nd Street, Suite 4600
**NEW YORK, NEW YORK 10165**
TEL: (212) 983-8500
FAX: (212) 983-5946
www.browngavalas.com
bgmail@browngavalas.com

**NEW JERSEY OFFICE**
_____

1118 CLIFTON AVENUE
CLIFTON, NJ 07013
TEL: (973) 779-1116
FAX: (973) 779-0739

HARRY A. GAVALAS
(1978-1999)
ROBERT J. SEMINARA
(1987-1999)

December 30, 2022

<u>**VIA ECF**</u>

Hon. Paul A. Crotty, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1350
New York, New York 10007

   Re: *American Steamship Owners Mutual P&I Ass'n, Inc. v. Carnival plc*
      Docket No. 1:21-cv-10641-PAC
      <u>Joint Letter</u>

Dear Judge Crotty:

  Pursuant to Rule 6.G. of Your Honor's Individual Practices, the parties submit this joint letter in advance of our initial conference scheduled for January 4, 2023, at 11:45 am, via telephone conference.

  Briefly, by way of procedural history, in response to the Complaint, Defendant, Carnival plc ("Carnival"), filed a pre-answer motion to dismiss. [Dkt. 11]  On September 26, 2022, the Court issued its Opinion and Order denying Carnival's motion to dismiss. [Dkt. 21]  Pursuant to the Court's Opinion and Order, on October 14, 2022, the parties submitted a Proposed Case Management Plan. [Dkt. 23]  Thereafter, on October 18, 2022, the Court issued a Civil Case Management Plan and Scheduling Order for this action. [Dkt. 24]  The parties have been proceeding with discovery in accordance with this Civil Case Management Plan and Scheduling Order.

  The parties address items one (1) through seven (7) of Rule 6.G. of Your Honor's Individual Practices as follows:

**BROWN GAVALAS & FROMM LLP**

Hon. Paul A. Crotty, U.S.D.J.
December 30, 2022
Page 2

1. **Information on Trial Counsel**

   Plaintiff's Counsels:

   Michael P. Naughton & Robert J. Brown
   Brown Gavalas & Fromm LLP
   60 East 42nd Street
   Suite 4600
   New York, NY 10165
   Phone: 212-983-8500
   Email: rjb@browngavalas.com and mpn@browngavalas.com

   Defendant's Counsels:

   John G. Kissane, Celinda Metro & Sabih Siddiqi
   Watson Farley & Williams LLP
   250 West 55th Street
   31st Floor
   New York, NY 10019
   Phone: 212-922-2200
   Email: JKissane@wfw.com cmetro@wfw.com and SSiddiqi@wfw.com

2. **Brief Description of the Nature of the Action and the Principal Defenses**

   Plaintiff:

   Plaintiff, American Steamship Owners Mutual Protection and Indemnity Association, Inc. (the "American Club"), is a not-for-profit mutual protection and indemnity association (also known as a "P&I Club") that provides marine indemnity insurance covering vessel owners and charterers against third-party liabilities arising from the ownership and/or operation of insured vessels. As a true mutual, American Club Members are both the insureds and the insurers. Every policy year when a vessel is entered with the American Club, the Club issues a Certificate of Entry that provides evidence of the insurance coverage for the entered vessel.

   The Certificates of Entry state that the coverage provided by the American Club is subject to the Club's By-Laws and Rules, as well as any special terms and conditions applicable to that Member and Co-assured as set forth in the Certificate of Entry and any endorsements thereto. The rights and obligations of every Member and Co-assured of the American Club, including Defendant Carnival, are governed by the terms and conditions of the Certificates of Entry and the American Club's By-Laws and Rules, which together constitute the marine contract of insurance (the "Marine Contract of Insurance").

**BROWN GAVALAS & FROMM LLP**

Hon. Paul A. Crotty, U.S.D.J.
December 30, 2022
Page 3

      Carnival is an owner and operator of cruise line vessels.  Carnival chartered two of its cruise line vessels to Global Maritime Group and requested that Global Maritime Group, the charterer, obtain insurance for the vessels and specifically have Carnival named as an insured on such insurance.  Accordingly, pursuant to the terms and conditions of the charter party agreements with Global Maritime Group, Carnival had two of its cruise line vessels entered as part of a fleet entry with the American Club for several policy years (the "Fleet Entry").

      The vessels in the Fleet Entry with the American Club included the M/V ASTOR, M/V ASTORIA, M/V MAGELLAN, M/V MARCO POLO, M/V COLUMBUS and M/V VASCO DA GAMA.  Carnival was identified, listed and named as a Co-assured on Certificates of Entry issued by the American Club for vessels entered with the American Club as part of the Fleet Entry.  Vessels were entered with the American Club as part of the Fleet Entry for the 2016/2017 policy year through the 2020/2021 policy year.  As a Co-assured, Carnival's rights and obligations are governed by the terms and conditions of the American Club's By-Laws and Rules.

      The Certificates of Entry naming Carnival as a Co-assured state that any Co-assureds named in the Certificate of Entry are liable to pay premiums.  In addition, Class I, Rule 1, Section 3.14 of the American Club's By-Laws and Rules provides that a Co-assured, such as Carnival, is jointly and severally liable for all outstanding premiums on a fleet entry.

      The insurance premiums outstanding on the Fleet Entry is at least $1,978,198.05.  Despite demands for payment, Carnival has failed to remit any payment in connection with the outstanding premiums.  As a result, the American Club has alleged three causes of action in its Complaint against Carnival for (i) breach of contract, (ii) account stated and (iii) attorneys' fees.

      <u>Defendant:</u>

      Carnival bareboat chartered two vessels that it owned, M/V COLUMBUS and M/V VASCO DA GAMA (the "Carnival-Owned Vessels"), to subsidiaries of Global Maritime Group ("Global Maritime").  Carnival entered into bareboat charters with Lyric Cruise Ltd. ("Lyric") and Mythic Cruise Ltd. ("Mythic", together with Lyric, the "Global Maritime Charterers").  The Global Maritime Charterers were required to obtain and maintain hull and machinery insurance, as well as protection and indemnity ("P&I") insurance over the two Carnival-Owned Vessels.  Notably, the Global Maritime Charterers were not required to obtain freight, demurrage and defense ("FD&D") insurance and Carnival was not listed on the Certificates of Entry for any of the FD&D insurance for any of the vessels.

      The Global Maritime Charterers placed this insurance through their own broker.  Carnival received certificates of entry for P&I coverage ("P&I Certificates of Entry") for each of the Carnival-Owned Vessels listing Carnival as Co-Assured, showing that the Global Maritime Charterers had indeed placed the appropriate insurance.

**BROWN GAVALAS & FROMM LLP**

Hon. Paul A. Crotty, U.S.D.J.
December 30, 2022
Page 4

     Carnival had no contact with Plaintiff, who prepared these P&I Certificates of Entry, nor any contact with Plaintiff or the Global Maritime Global Maritime Charterers' insurance brokers who negotiated the coverage.

     The vessels were operated by the Global Maritime Charterers for several years until the COVID-19 pandemic struck. The Global Maritime Charterers, and apparently the whole Global Maritime group, which operated a total of six cruise vessels insured by Plaintiff, were unable to pay their bills, and entered into liquidation. The two Carnival-Owned Vessels were then sold to satisfy maritime liens and claims incurred by the Global Maritime Charterers.

     Plaintiff chose not to make any claim in the court-ordered liquidation of the vessels for alleged premiums due. Instead, almost a year after Plaintiff cancelled the insurance covering the two Carnival-owned vessels, Plaintiff demanded that Carnival pay the Global Maritime Charterers' unpaid P&I *and* FD&D insurance premiums for not just the two Carnival-Owned Vessels, but four additional vessels operated by Global Maritime that Plaintiff alleges were entered with the Carnival-Owned Vessels as part of a fleet. The P&I Certificates of Entry received by Carnival, however, never indicated the Carnival-Owned Vessels were part of a fleet entry.

     Carnival had no ownership interest in Global Maritime or any of its subsidiaries or affiliates, including the Global Maritime Charterers, and had no interest whatsoever in the four non-Carnival owned vessels. Carnival never contracted with Plaintiff, nor agreed to pay – and was never invoiced for – P&I or FD&D premiums on the Carnival-Owned Vessels, let alone the other four vessels operated by Global Maritime.

     Additionally, the American Club's own Rules provide that Carnival was not an insured and could not collect any proceeds of claims or return of premiums for the non-Carnival owned Vessels. American Club Rule (1)(5) provides:

> A *Member* is only insured against loss, damage, liability or expense incurred by him which arises: (i) out of events occurring during the period of the policy year when his vessel is insured with the Association; and (ii) in respect of the Member's interest in the insured vessel; and (iii) in connection with the operation of the insured vessel by or on behalf of the Member.[1]

Indeed, under New York law, which the American Club choose to govern its Rules, it is illegal for an insurer to issue or deliver any binder, cover note, certificate, policy or other evidence of a contract of marine insurance to a person or persons that do not have a bona fide interest, direct or

---

[1] *See* American Club Rules Section 1(5). https://www.american-club.com/files/files/American_Club_By_Laws_Rules_2021-22.pdf (emphasis added).

**BROWN GAVALAS & FROMM LLP**

Hon. Paul A. Crotty, U.S.D.J.
December 30, 2022
Page 5

indirect, either in the safe arrival of the vessel in relation to which the contract is made or to be made, or in the safety or preservation of the subject matter insured or to be insured.[2]

Carnival therefore denies that there was any contract or account stated requiring it to pay the premiums incurred by Global Maritime.

### 3. Jurisdiction and Venue

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333(1) as this action relates to an admiralty or maritime dispute concerning marine insurance, and involves an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure as this matter concerns an alleged breach of marine contracts of insurance. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as the plaintiff's principal place of business is within this District and a substantial part of the events giving rise to the claim occurred within this District including, but not limited to, the issuance of the subject Marine Contracts of Insurance. Defendant does not contest subject matter jurisdiction or venue in this case.

### 4. Claims to be Tried

All claims asserted in the Complaint [Dkt. 1] and defenses asserted in the Answer to the Complaint [Dkt. 22] remain to be tried at this time.

### 5. Contemplated Motions

Plaintiff:

Plaintiff intends to move for summary judgment upon completion of discovery.

Defendant:

Defendant intends to move for summary judgment upon completion of discovery in the event the parties are unable to reach a resolution before such time.

### 6. Trial Details

This case will be a bench trial and the parties estimate a trial length of two (2) days, as stated in the Civil Case Management and Scheduling Order entered on October 18, 2022 (ECF No. 24).

---

[2] McKinney's Insurance Law § 2125. Marine insurance; acting as agent, broker or insurer of persons without insurable interest.

**BROWN GAVALAS & FROMM LLP**

Hon. Paul A. Crotty, U.S.D.J.
December 30, 2022
Page 6

    **7.**    **Trial of Case by Magistrate Judge**

All parties do not consent to conducting further proceedings before a Magistrate Judge, including motions and trial

We thank the Court in advance for its consideration of this matter.

    Respectfully submitted,

    BROWN GAVALAS & FROMM LLP
    *Attorneys for Plaintiff*

      /s/ Michael P. Naughton
    Robert J. Brown
    Michael P. Naughton

    WATSON FARLEY & WILLIAMS LLP
    *Attorneys for Defendant*

      /s/ John G. Kissane
    John G. Kissane
    Celinda Metro
    Sabih Siddiqi